[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11084
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20835-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO ANTONIO TREJO, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 23, 2015)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Julio Antonio Trejo Jr. appeals his sentence of 36 months of imprisonment

imposed following his plea of guilty to witness tampering. 18 U.S.C. § 1512(b)(1).

Trejo challenges the eight-level enhancement of his sentence for threatening to inflict injury on a person to obstruct justice. *See* United States Sentencing Guidelines Manual § 2J1.2(b)(1)(B) (Nov. 2014). We affirm.

The district court enhanced Trejo's sentence based on his factual proffer that he twice posted on Instagram personal information about and "threats" to an informant scheduled to testify against Trejo's friend, Oscar Diaz. Trejo, who had been Diaz's friend since childhood and lent him a vehicle that he used to transport illegal drugs, knew Diaz was facing a trial at which the informant would be a witness. Trejo posted on his Instagram account, "MIAMIHEAT_BULLIES," a photograph and the home address of the informant, a description and license number of his vehicle, and comments that identified him as a "snitch" and that warned of "consequences." The information was directed to the informant's Instagram account and to followers of Trejo's account. Trejo also posted "similar threats to the [informant]" on a second Instagram account named "snitch_killa305." Two days later, federal agents interviewed Trejo, instructed him to cease any involvement in the Diaz investigation, and warned him that he would be questioned if any witness in the investigation was threatened or harmed. The next day, Trejo reposted on his Instagram account the same material about the informant and a "[shout out] to agent Adam and Agent Mila, I don't do anything illegal so f*** you and your investigation." Agents arrested Trejo, who admitted

2

that he posted personal information about the informant and that he intended to smash the window of the informant's vehicle. Trejo agreed to contact an associate, and during a telephone call recorded by federal agents, Trejo and the associate discussed a prior effort to assault the informant. Later, Trejo's employer notified agents that he had found a 5.7 caliber pistol in Trejo's lunch bag.

The district court did not clearly err in finding that Trejo threatened the informant to dissuade him from assisting in Diaz's prosecution. A defendant is subject to an eight-level increase of his base offense level if his "offense involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." U.S.S.G. § 2J1.2(b)(1)(B). In the light of Trejo's admissions, the district court reasonably interpreted two comments Trejo posted that, "If you see this guy you already know what time it is," and "People think they can snitch on people and the[re] won't be any consequences," as threatening that the informant was "going to get beaten up or something [would] happen to [him]." The district court also reasonably perceived as "threatening" the names of Trejo's Instagram account, "MIAMIHEAT_BULLIES," and the second account that he used, "snitch_killa305." And the district court was entitled to find that Trejo intended to coerce the informant to cease cooperating with authorities because Trejo posted the comments while aware that the informant was scheduled to testify at Diaz's trial; Trejo flaunted a willingness to defy the law by making an

3

audacious comment to investigating agents; and Trejo admitted at sentencing that "his actions were intended to intimidate the informant." The evidence supports the decision to apply the eight-level increase to Trejo's base offense level.

We **AFFIRM** Trejo's sentence.